ORDER
GR1TT, JUDGE:
An application of the claimant, Amy Holland, on behalf of her daughter Alexis Coffield, a minor, for an award under the West Virginia Crime Victims Compensation Act, was filed August 9,2004. The report of the Claim Investigator, filed November 30, 2004, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on January 27,2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed March 2, 2005. This matter came on for hearing September 15, 2005, tlie claimant appearing in person and by counsel, Patricia A. Kurelac and Peter P. Kurelac III, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
In the early morning hours of January 30, 2003, Ryan Coffield, the 19-year-old boyfriend of the claimant, was the victim of criminally injurious conduct in Triadelphia, Ohio County. Mr. Coffield was involved in an automobile accident in which he suffered fatal injuries.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
The claimant testified at the hearing of this matter that on the evening in question, she was at home watching television while Mr. Coffield was sleeping. She stated that James Chad Fike came over at approximately 12:00 a.m. asking to see Mr. Coffield. Ms. Holland testified that at that time Mr. Fike did not appear to be intoxicated. She woke Mr. Coffield, and he and Mr. Fike left to go to Mr. Fike’s apartment. At about 12:30 a.m., Mr. Coffield came back to their apartment and asked if he could borrow Ms. Holland’s vehicle so that he and Mr. Fike could drive to pinchase some beer. Mr. Coffield brought her vehicle back around 1:00 a.m. At approximately 3:00 a.m., Mr. Fike’s girlfriend woke Ms. Holland, informing her that Mr. Fike and Mr. Coffield had been in an accident. Mr. Coffield passed away on February 18,2003, as a result of severe head trauma suffered in the accident.
Mr. Fike was later arrested and charged for DUI causing death. He was found guilty and was sentenced to not less than one year nor more than ten years in prison.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that Mr. Coffield was not guilty of contributory misconduct. The claimant testified that Mr. Fike did not appear intoxicated at 12:00 a.m. when she saw him. Ms. Holland further stated that Mr. Coffield did not appear intoxicated when he came to ask to borrow her vehicle or when he returned it. In light of the evidence put forth by the claimant, the Court is of the opinion that she has met her burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant was in no way guilty of contributory misconduct.
The Court is constrained by the evidence to reverse its previous ruling and *191 find that the claimant was not guilty of contributory misconduct. Therefore, an award shall be granted.
Unreimbursed medical expenses incurred by the victim prior to his death are not the responsibility of the claimant, but are to be charged to the victim’s estate, if any. The funeral and burial expenses incurred by the victim’s mother, Rhonda Coffield, totaled $ 12,698.84. The Court therefore grants an award of $6,000.00 to Ms. Coffield, which sum represents the maximum award for funeral and burial expenses permitted by W.Va. Code §14-2A-3(f)(2). The issue of dependent’s economic loss shall remain open until documentation is received by the Court regarding the economic loss, if any, sustained by the claimant’s minor child.
Rhonda Coffield
RD 1, Box 708
Triadelphia, WV 26059
$6,000.00